Catron, Ch. J.
delivered the opinion of the court.
There is but one question presented by the record, worthy of notice. Was the judgment rendered in Virginia on which the action is grounded, valid? This depends on the act of that State, concerning, executions and for the relief of insolvent debtors. Revised Code of 1819, ch. 134. The 31st section directs the debtor to make a schedule, transferring and delivering his personal estate to the sheriff of the county, and conveying his real estate. The schedule includes the debts owing. By the 34th section, the title is vested in the sheriff.
The 35thsection provides, thatif the schedule shall contain articles of money due such prisoner in the possession of any other, the clerk of the court with whom the schedule is directed to remain, may, at the instance of *97 the creditor, issue a summons against each of the persons named as debtors, reciting the sum of money he is charged with, and requiring him to appear at the next court, and to declare on oath, whether the money be really due to such prisoner, endorsing on said process at whose instance the same issued. If the person summoned, fail to attend according to the summons, it shall be lawful for the court to enter judgment against him for the money in said schedule mentioned, with costs. If he appear, he shall answer on oath, and judgment shall be rendered for the amount he acknowledges to be due; which judgment shall be entered in the name of the sheriff, and execution may issue thereon.
The summons issued in conformity to the insolvent act, and was executed; the defendant made default, and judgment was entered up against him. The judgment was regular, grounded on notice, and is conclusive.
The second and third pleas demurred to, want both form and substance.
Judgment affirmed.